UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GRANT CHAMPNEY, | : |
| Petitioner | : |
| | : CIVIL NO. 1:CV-04-0502 |
| vs. | : |
| | : (Judge Caldwell) |
| JEFFREY BEARD, et al., | : |
| Respondents. | : |

*M E M O R A N D U M*

I.   *Introduction*.

We are considering whether we should stay these 28 U.S.C. § 2254 proceedings pending resolution of Petitioner's state-court challenge to his convictions or proceed to a consideration of Respondents' motion to dismiss on the ground of the statute of limitations. The limitations defense would require some discovery on Petitioner's mental competency to file the 2254 petition in a timely manner.

II.   *Procedural Background*.

On March 8, 2004, Petitioner, Ronald Grant Champney, filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 convictions in the Court of Common Pleas of Schuylkill County, Pennsylvania, for, among other

things, burglary, terroristic threats, robbery, simple assault and recklessly endangering another person. The petition is mixed, presenting exhausted and unexhausted grounds for relief. On March 16, 2004, Petitioner filed a motion to hold these proceedings in abeyance pending resolution of his postconviction challenge in state court to the same convictions. His state-court proceedings present the same claims as his federal petition.

In August 2004, Respondents filed a motion to dismiss the petition raising, among other grounds, the one-year statute of limitations for 2254 petitions. In opposition, Petitioner argued that his petition was timely, in part, because he had been mentally incompetent to file the petition within the one-year period. Mental incompetence is a valid reason for equitably tolling the statue of limitations. *See Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001).

In connection with our consideration of the limitations defense, on February 8, 2005, we ordered Petitioner to provide us with the evidence supporting his claim of incompetency. On June 8, 2005, he filed a "Proffer," naming the experts who would testify on his behalf and the substance of their testimony, essentially that he did not "have the capacity to comprehend and navigate through the complex post-conviction and habeas

proceedings surrounding his robbery conviction in 1998." (Doc. 33, pp. 2 and 7.)

We ordered Respondents to file a brief on the merits of the proffer and whether they intended to continue to assert the limitations defense in light of the proffer. In reply (doc. 38), Respondents asserted that they had to conduct their own investigation of Petitioner's competency before they could say whether or not they would drop the limitations defense. They requested adequate time for their experts to review Champney's records, evaluate Champney himself, and prepare reports. They also requested that we direct Petitioner's counsel to provide the Commonwealth with: (1) copies of the sources of all records relied upon by its experts; and (2) copies of those records. Additionally, they sought the raw test data from Dr. J. Daniel Ragland, one of Petitioner's experts, for evaluation by one of their own experts.

In an answer (doc. 42) to Respondents' filing, Petitioner asserts that he is entitled on the present record to a stay of his 2254 petition while he pursues relief from his conviction in state court and that resolution of the limitations defense can await the outcome of state proceedings. In support of staying and abeying the current petition, he cites *Rhines v. Weber*, ___ U.S. ___, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005); *Pace*

*v. DiGuglielmo*, ___ U.S. ___, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); and *Crews v. Horn*, 360 F.3d 146 (3rd Cir. 2004). He asserts that discovery of his records and an examination would be premature at this point, especially if the state courts grant his request that his direct-appeal rights be restored since that would restart the federal habeas limitations period, and moot that defense here.[1] He also asserts that the Commonwealth possesses numerous exculpatory documents that would impact our resolution of the timeliness issue.

Respondents oppose the stay, asserting that the Commonwealth is entitled to prompt litigation of this federal petition and noting that the convictions were used as part of the aggravating circumstances leading to a death sentence in another case. *See Commonwealth v. Champney*, 574 Pa. 435, 441 n.8, 832 A.2d 403, 407 n.8 (2003). Hence, delay in litigating this petition will delay execution of the death sentence.

III. *Discussion.*

Relief cannot be granted on a mixed petition, *see Rhines, supra*, ___ U.S. at ___, 125 S.Ct. at 1533, 161 L.Ed.2d at

---

[1] In relevant part, the limitations period for a 2254 petition begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

450, so *Rhines* (and *Crews* before it) approved the protective filing of such a petition and then staying it while the petitioner presents his unexhausted claims in state court. This procedure allows the petitioner to exhaust his state-court remedies on all his claims without the risk of being time-barred on a new federal petition, which might result if the first one had been dismissed (rather than stayed) thereby requiring the petitioner to file a new petition. The court has discretion to grant a stay but should not stay a mixed petition routinely; this would frustrate one of the goals of the statute of limitations, "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases." *Rhines, supra*, ___ U.S. at ___, 125 S.Ct. at 1534, 161 L.Ed.2d at 451 (quoted case and internal quotation marks omitted). Generally, a stay should be granted only when there was good cause for the petitioner's failure to exhaust his claims first in state court, the unexhausted claims are meritorious, and the petitioner did not intentionally engage in dilatory litigation tactics. *Rhines, supra*, ___ U.S. at ___, 125 S.Ct. at 1535, 161 L.Ed.2d at 452.

We do not believe a stay is warranted here until we decide whether the petition was timely. *Rhines* and *Crews* both contemplate that the federal petition was timely filed. *See Rhines*, ___ U.S. at ___, 125 S.Ct. at 1533, 161 L.Ed.2d at 450

("If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it . . . after the limitations period has expired, this will likely mean the termination of any federal review."); *Crews, supra*, 360 F.3d at 150 (noting the timeliness of the petition). A stay in those circumstance makes sense, but when a petition is untimely to begin with, there is no purpose in staying it; it should simply be dismissed as time-barred. *See also Frazier v. Stickman*, 389 F. Supp. 2d 623, 627 (E.D. Pa. 2005)(refusing to grant a stay under *Rhines* while the petitioner pursued state-court remedies when the federal petition was untimely).

     Hence, we will deny the motion to stay the instant petition. In making our ruling, we consider the following. First, the state trial court has already denied Petitioner's state-court postconviction petition, finding it time-barred under the relevant statute. (Doc. 47, *Commonwealth v. Champney*, No. 1208-1997 (Schuylkill Co. Ct. Com. Pl. Sept. 30, 2005)). Second, while Petitioner has appealed that denial, it is highly unlikely that the state appellate courts will restore Petitioner's direct-appeal rights, thereby possibly restarting the federal habeas clock.[2] Petitioner has already had his direct-appeal rights

---

    [2] In *Frazier*, the court noted that as a possibility. 389 F.
(continued...)

restored once, on his first state postconviction petition. *Commonwealth v. Champney*, 783 A.2d 837 (Pa. Super. 2001).  True, if we accept Petitioner's allegations, when the direct appeal did come before the Pennsylvania Superior Court, it disagreed with the decision of direct-appeal counsel to only file an *Anders* brief, but the court did examine potential arguments for the petitioner and did affirm.  (Doc. 1 at ¶ 14; doc 27, at pp. 9-10, citing *Commonwealth v. Champney*, 816 A.2d 326 (Pa. Super. 2002) (unpublished memorandum)).  In these circumstances, the state courts will must likely resolve any claim of direct-appeal counsel's ineffectiveness in the context of postconviction remedies, *see generally*, *Commonwealth v. Moore*, 580 Pa. 279, 860 A.2d 88 (2004), thereby not restarting the federal limitations period.  We also acknowledge that Petitioner has advanced other reasons to support equitable tolling of the statute of limitations (Doc. 27, Pet'r's Resp. to Mot. to Dismiss, Sections II and III), but, in our view, only his mental incompetence would toll the statute.

      We will therefore deny the motion to stay the petition and will consider Respondents' motion to dismiss on the basis of the statute of limitations.  Respondents will be allowed discovery

---

[2](...continued)
Supp. 2d at 627 n.6.

on Petitioner's mental competence to have filed a timely 2254 petition.  We will order Petitioner to provide the requested records and that Dr. J. Daniel Ragland turn over his raw test data to the Commonwealth's neuropsychologist, Dr. John Gordon.[3]

          /s/William W. Caldwell
          William W. Caldwell
          United States District Judge

Date: November 29, 2005

---

[3] Petitioner maintains that many of the records have already been supplied by way of his proffer in this case and exhibits in the state-court postconviction proceedings.  While our order will require production of all records, we trust the parties can amicably work out what records must actually be produced.

-8-

```
              UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA


RONALD GRANT CHAMPNEY,        :
                              :
       Petitioner             :
                              :    CIVIL NO. 1:CV-04-0502
       vs.                    :
                              :    (Judge Caldwell)
JEFFREY BEARD, et al.,        :
                              :
       Respondents.           :
```

*O R D E R*

AND NOW, this 29th day of November, 2005, it is ordered that:

    1. Petitioner's motion (doc. 6) to hold proceedings in abeyance is denied. Petitioner may renew that motion if we decide that the petition was timely.

    2. Petitioner shall have twenty (20) days from the date of this order to provide Respondents with: (a) the sources of all records relied on by Petitioner's experts and copies of those records; and (b) Dr. J. Daniel Ragland's raw test data for use by the Commonwealth's neuropsychologist, Dr. John Gordon.

    3. The parties may schedule an examination of Petitioner by Respondents at a mutually agreeable time and place.

    4. Within 150 days of the date of this order, Respondents shall indicate whether

>they intent to pursue their limitations
>defense or concede that the limitations
>period was tolled because Petitioner was
>mentally incompetent during the relevant
>time.

/s/William W. Caldwell
William W. Caldwell
United States District Judge
