UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RONALD GRANT CHAMPNEY, :
:
         Petitioner :
   vs. : CIVIL NO. 1:CV-04-0502
:
JEFFREY BEARD, et al., : (Judge Caldwell)
:
         Respondents. :
:

*M E M O R A N D U M*

I. *Introduction*

      Petitioner, Ronald Grant Champney, a Pennsylvania prisoner, initiated these habeas proceedings by filing a counseled petition under 28 U.S.C. § 2254. On January 5, 2010, we dismissed the petition as time-barred. We are considering Petitioner's timely filed motion to alter or amend under Fed. R. Civ. P. 59(e). The motion requests that we grant Petitioner a certificate of appealability on our dismissal of Claim 21 on limitations grounds.

      We have reviewed the parties' conscientious briefs on the issue and have decided to grant the motion.

II. *Discussion*

      Champney's 2254 petition challenged his 1998 convictions in the Court of Common Pleas of Schuylkill County, Pennsylvania, for, among other things, burglary and

robbery. In October 1999, Champney was also convicted in Schuylkill County for first-degree murder for a murder that occurred in 1992.

In the instant proceedings, Petitioner presented twenty-seven claims challenging the burglary and robbery convictions. Claim 21 asserted that his trial counsel, Frank Cori, had a conflict of interest because he was involved in certain criminal matters with David Blickley, a witness against Champney in the murder trial, and who, as Petitioner alleges, was himself a suspect in that case. Petitioner asserts this conflict led Cori to provide Champney inadequate representation in the burglar and robbery trial to benefit Blickley. The reasoning is that with CHampney convicted on the burglary and robbery charges it would make it easier for Blickley in the murder case, both as suspect and witness.

In his briefing on the 2254 petition, Champney asserted this claim was timely because it was based on an FBI witness statement given by Blickley that Petitioner only discovered on April 6, 2007, the day it was produced to him in response to a subpoena in the postconviction proceedings in his murder trial. He asserted that the postconviction proceedings in the murder trial presented the first opportunity to subpoena these records because he had been denied a hearing on his burglary and robbery state postconviction petition. Since the FBI 302s had only been produced to his counsel on April 6, 2007, Petitioner's Claim 21 was timely when it was filed as an amendment to his 2254 petition on April 5, 2008, within a year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). (Doc. 66, Reply Brief pp. 3-4)).

In ruling on the 2254 petition, we concluded the claim was untimely because we believed this argument did not address Petitioner's burden in showing due diligence. We therefore dismissed the claim as time-barred. (Doc. 97, Jan. 5, 2010, memorandum at p. 30).

Dismissal of a habeas claim on the basis of the statute of limitations is a procedural issue. "The Supreme Court has held that when a District Court denies a habeas corpus petition on procedural grounds, a certificate of appealability "should issue . . . when the prisoner shows . . . 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Conn v. Lavan*, 331 F. App'x 122, 124 (3d Cir. 2009)(nonprecedential)(quoted cases omitted), *cert. denied*, *Conn v. Klopotoski*, 130 S.Ct. 417, 175 L.Ed.2d 286 (U.S. Oct. 13, 2009).

We conclude that the first part of this test is satisfied. Jurists of reason would consider Claim 21 a valid claim under the Sixth Amendment and the Due Process Clause, regardless of whether they would ultimately rule in Petitioner's favor. On the second part of this test, Petitioner asserts in his motion to alter or amend that due diligence was satisfied here because it was merely by "happenstance," (doc. 98, Mot. to Alter or Amend ¶ 7), that he discovered Blickley's FBI witness statement, by way of his postconviction challenge in his murder conviction. We take this to mean that Petitioner contends that there was no action he could have been expected to take that would have

revealed the witness statement earlier. *See Wilson v. Beard*, 426 F.3d 653, 661 (3d Cir. 2005). If so, it is at least debatable that our ruling on the timeliness issue was correct.[1]

We will therefore grant the motion.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 1, 2010

---

[1] We find unpersuasive Respondents' argument on this issue, based on *McAleese v. Brennan*, 483 F.3d 206 (3d Cir. 2007), because *McAleese* is distinguishable.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GRANT CHAMPNEY, : | |
| : | |
| Petitioner : | |
| vs. : | CIVIL NO. 1:CV-04-0502 |
| : | |
| JEFFREY BEARD, et al., : | (Judge Caldwell) |
| : | |
| Respondents. : | |

*O R D E R*

AND NOW, this 1st day of June, 2010, upon consideration of Petitioner's motion (doc. 98) to alter or amend the order of January 5, 2010, it is ordered that:

    1. The motion is granted.

    2. A certificate of appealability is granted on whether our ruling that Claim 21 is time-barred is correct.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge